UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
MATTHEW GIGLIO,

                                      Plaintiff,

          -against-

NASSAU COUNTY HEALTHCARE CORP, *et al.*,

                                    Defendants.  
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**  
24-CV-7469 (JMA)(SIL)

**AZRACK, United States District Judge:**

Before the Court is the renewed application to proceed in forma pauperis ("IFP") filed by Plaintiff Matthew Giglio ("Plaintiff"), acting pro se, in response to the Court's January 3, 2025 Electronic Order. (ECF No. 12; Elec. Order, dated Jan. 3, 2025.) For the reasons that follow, the application to proceed IFP is denied and Plaintiff shall pay $405.00 filing fee by February 26, 2025 in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought

by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports having received a one-time payout for a "personal injury" in the sum of $50,000 during the last twelve months and left blank the space that calls for the amount of money he has in cash or in an account. (IFP App., ECF No. 12, ¶¶ 1, 4.) Plaintiff had omitted a response to this question on his previous application (ECF No. 2), and the Court noted that the absence of this information rendered his application "incomplete". (Order, ECF No. 8 at 2.)

Given that Plaintiff has once again provided incomplete information, together with the fact that the financial information he has shared offers no explanation as to where the reported $50,000 is at present, the Court finds that Plaintiff does not qualify to proceed IFP.   This Court has afforded Plaintiff ample opportunity to demonstrate that his claimed indigency prevents him from paying the fee and still provide himself with the necessities of life.   Yet, Plaintiff has failed to do so. Accordingly, the renewed application to proceed IFP is denied.

Plaintiff is directed to pay the $405.00 filing fee within twenty-one (21) days of the date of this Order.[1] If Plaintiff does not timely comply with this Order, the Court will dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Once paid, there are no refunds of the filing fee regardless of the outcome of the case.   Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. If you wish to contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated: February 5, 2025
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE